IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RACHELL SHEREE ABBOTT, <br><br> Defendant. | CR 21-58-GF-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Rachell Sheree Abbott (Abbott) has been accused of violating conditions of her supervised release. (Doc. 152). Abbott admitted to some of the alleged violations. Abbott's supervised release should be revoked. Based upon agreement of the parties, Abbott should be sentenced to custody for 12 months and 1 day on Count 3, and to custody for 12 months on Count 17, with said terms to run concurrently, followed by a term of 12 months of supervised release on Count 3, and no term of supervised release on Count 17.

## II. Status

Abbott plead guilty on October 28, 2021, to the offenses of Count 3: Wire Fraud, in violation of 18 U.S.C. Section 1343 and Count 17: Aggravated Identity

Theft, in violation of 18 U.S.C. Section 1028(A)(a)(1) as charged in the Indictment. (Doc. 43). Abbott was sentenced to 2 months of custody followed by 3 years of supervised release on Count 3, and to 24 months of custody, followed by 1 year of supervised release on Count 17, with the custodial terms to run consecutively and the supervised release terms to run concurrently. (Doc. 67). Abbott's current term of supervised release began on July 3, 2023.

**Petition**

On April 7, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Abbott's supervised release. (Doc. 152). The Petition alleged Abbott violated conditions of her supervised release by: (1) having a urinalysis test taken on March 25, 2025, test positive for methamphetamine on March 28, 2025; (2) failing to comply with substance abuse testing requirements by submitting abnormal urine specimens on February 18, 2025, February 25, 2025 and March 18, 2025; (3) failing to answer truthfully questions asked by her probation officer on April 5, 2025; (4) communicating or interacting with a prohibited person without the permission of her probation office on April 5, 2025; (5) being in possession of a methamphetamine on April 5, 2025; and (6) committing other state crime by being charged on April 5, 2025 with Criminal Possession of Dangerous Drugs, a felony, in violation of Mont. Code Ann. § 45-9-102.

### Initial Appearance

Abbott appeared before the Court on April 29, 2025.  Abbott was represented by counsel.  Abbott stated that she had read the Petition and that she understood the allegations against her.  Abbott waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on April 29, 2025.  Abbott admitted that she had violated the conditions of supervised release as set forth in the Petition by: (1) having a urinalysis test taken on March 25, 2025, test positive for methamphetamine on March 28, 2025; (3) failing to answer truthfully questions asked by her probation officer on April 5, 2025; and (4) communicating or interacting with a prohibited person without the permission of her probation office on April 5, 2025.  The Government moved to dismiss allegations 2, 5, and 6, which the Court granted.  Abbott's admitted violations 1, 3 and 4 are serious and warrant revocation of her supervised release.

### Sentencing hearing

Abbott appeared before the Court on April 29, 2025. Abbott's violation is a Grade C. Her criminal history category is III.  Abbott's underlying offense for Count 3 is a Class C felony and her underlying offense for Count 17 is a Class E felony.  Abbott could be incarcerated for up to 24 months on Count 3 and 12 months on

Count 17. Abbott could be ordered to remain on supervised release for 33 months less any custody time on Count 3 and 9 months less any custody time on Count 17. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.    Analysis

Abbott's supervised release should be revoked. Based upon the agreement of the parties, Abbott should be sentenced to custody for 12 months and one day on Count 3, and to custody for 12 months on Count 17, with said terms to run concurrently, followed by a term of 12 months of supervised release on Count 3, and no term of supervised release on Count 17. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Abbott that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Abbott of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Abbott that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Abbott waived her right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

> That RACHELL SHEREE ABBOTT has violated the conditions of her supervised release by: (1) having a urinalysis test taken on March 25,

2025, test positive for methamphetamine on March 28, 2025; (3) failing to answer truthfully questions asked by her probation officer on April 5, 2025; and (4) communicating or interacting with a prohibited person, a convicted felon, without the permission of her probation office on April 5, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Abbott's supervised release and sentence Abbott to custody for 12 months and 1 day on Count 3, and to custody for 12 months on Count 17, with said terms to run concurrently, followed by 12 months of supervised release on Count 3, and no term of supervised release on Count 17.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of April 2025.

John Johnston
United States Magistrate Judge